17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Elena MELENDEZ-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70601.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 10, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Elena Melendez-Lopez petitions for review the denial by the Board of Immigration Appeals (BIA's) of her motion to remand to the Immigration Judge (IJ) her request for voluntary departure. We deny the petition for review.
 
 BACKGROUND
 
 3
 Melendez is a citizen of El Salvador who entered the United States without inspection on or about March 16, 1991, and was subsequently served with an Order to Show Cause (OSC) charging her with deportability. Melendez, represented by counsel, conceded deportability, and filed an application for asylum and withholding of deportation and a request for voluntary departure.
 
 
 4
 Melendez did not appear for the March 2, 1992 hearing set to consider her applications for relief. The IJ entered in absentia an order of deportation. [AR 17.]. The IJ found that Melendez was notified of the time and place of the hearing but "without reasonable cause failed to appear," and denied the applications for lack of prosecution.[1] [AR 17-18.]
 
 
 5
 Melendez appealed to the BIA, but requested only a remand to the IJ in order to request voluntary departure. Melendez argued that she had good cause for failure to appear at the hearing because she feared that she would be immediately arrested and immediately deported due to peace negotiations pending in El Salvador which would affect her asylum application. The BIA held that the hearing in absentia was proper, and that Melendez's fear of deportation did not excuse her failure to appear. The BIA noted further that Melendez had not filed a motion to reopen proceedings in order to establish reasonable cause for her absence. [AR 2-3.]
 
 DISCUSSION
 
 6
 Section 242(b) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1252(b), provides, in relevant part:
 
 
 7
 If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.
 
 
 8
 See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984) (hearing may proceed in absentia if the petitioner fails to avail himself of the opportunity to be present).
 
 
 9
 Melendez does not dispute that she had notice of the hearing date and time, so that she was given a "reasonable opportunity" to be present at the hearing.[2] Nor does she dispute the IJ's conclusion that her failure to appear "waived and abandoned all claims for relief." [AR 34.] See Matter of Haim, 19 I & N 641, 642-43 (BIA1988) (when an applicant fails to appear, the IJ may find that the applicant "has abandoned applications for benefits under the Act."); Matter of Ruiz, Interim Decision # 3116 at 3 (BIA1989) (same). See also INS v. Abudu, 485 U.S. 94, 111 (1988) (asylum claim may be lost where petitioner fails to assert reasonable explanation for the failure to request relief in an initial deportation hearing).
 
 
 10
 Rather, Melendez argues that the BIA should have remanded the proceedings to the IJ because she established reasonable cause for her failure to appear at the hearing. See Matter of Haim, 19 I & N at 642 ("When the basis for a motion to reopen is that the immigration judge held an in absentia exclusion hearing, the alien must establish that he had 'reasonable cause' for his absence from the proceedings."); Matter of Ruiz, at 2-3 (same). The denial of a motion to reopen is reviewed for an abuse of discretion. Doherty v. INS, 112 S.Ct. 719, 724 (1992). See also Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987) (requirements of a motion to remand are the same as those for a motion to reopen).
 
 
 11
 We conclude that the BIA did not abuse its discretion in concluding that Melendez's fear of deportation was not reasonable cause for her failure to appear at the deportation hearing. Although she may have acted on the erroneous advice of friends and family, Melendez had access to the advice of counsel and had been advised earlier that she could be taken into custody for the failure to appear. [AR 49.][3]
 
 
 12
 Given the limited relief Melendez seeks, the BIA may exercise its discretion to reopen proceedings. We stay the mandate for 14 days to afford Melendez the opportunity to file a motion to reopen.
 
 
 13
 PETITION FOR REVIEW DENIED. ISSUANCE OF MANDATE STAYED FOR 14 DAYS.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IJ found, in the alternative, that Melendez had not produced sufficient evidence to support a grant of asylum or withholding of deportation. [AR 18.]
 
 
 [2]
 The OSC, which was read to Melendez in Spanish, warned her that failing to appear at the deportation hearing "may result in a determination being made by the Immigration Judge in [her] absence." [AR 50-51.] Her counsel stated that at the prior hearing, the court interpreter had informed Melendez of the hearing date and time and of the consequences of failing to appear. Further, he had written down the date of the hearing for Melendez and repeated to her the consequences of failing to appear. [AR 32.]
 
 
 [3]
 The government additionally contends that a hearing notice provided to Melendez on May 28, 1991 advised Melendez, in Spanish, that her failure to appear could result in an order of deportation. [AR 23, transcript; AR 48, notice.]